UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OSCAR LOPEZ CRISOSTOMO,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-1018-CCB-SJF

WARDEN, et al.,

Respondents.

## OPINION AND ORDER

Immigration detainee Oscar Lopez Crisostomo, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Lopez Crisostomo is a citizen of Guatemala who entered the United States without inspection. (ECF 7-2 at 7-9.) He asserts that he has been living here since 2009. (ECF 1 at 3.) In 2012, he came to the attention of immigration officials and removal proceedings were initiated against him.[1] (ECF 7-2 at 8.) After a brief detention, he was released on $5,000 bond. (*Id.*) In June 2026, he was detained by law enforcement in Indiana in connection with a traffic stop. (*Id.*) After it was determined he had no legal status in the United States, he was turned over to Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant and his bond was cancelled. (*Id.* at 4, 16.) He was

---

[1] In 2018, an immigration judge granted his motion to terminate the removal proceedings due to a problem with the notice to appear he received. (ECF 7-2 at 9-12.) However, in 2020, the Board of Immigration Appeals vacated the immigration judge's order and reinstated the removal proceedings, which remain ongoing. (*Id.* at 14-15.)

then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. (ECF 1 at 3.)

He states that immigration officials have not given him an opportunity to be considered for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1.) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 23-31.) He seeks immediate release from custody or other relief the court deems "just and proper." (*Id.* at 32.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondents answered the petition (ECF 7), and Mr. Lopez Crisostomo filed a reply (ECF 8).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Lopez Crisostomo is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking

2

admission" within the meaning of that statute. (ECF 7.) These arguments were rejected in

*De Jesús Aguilar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v.*

*Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v.*

*English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court

continues to be of the view that jurisdiction is secure and that the statute cannot

reasonably be interpreted in the manner urged by the government. Notably, the Seventh

Circuit held in deciding a motion for a stay pending appeal that the government was not

likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Lopez Crisostomo who are arrested

within the interior of the country years after their arrival. That leads the court to 8 U.S.C.

§ 1226(a), the "default rule" for detention of noncitizens who are "already present in the

United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

warrant issued by the Attorney General, an alien may be arrested and detained" while

---

[2] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026). The court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Lopez Crisostomo was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 7-2 at 4.) However, he has not been granted an opportunity to be considered for bond by an immigration judge because the government views him as ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Lopez Crisostomo any relief until he exhausts all available administrative remedies. (ECF 7 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Here, the court finds that it would be futile for Mr. Lopez Crisostomo to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). It is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like him as categorically ineligible for bond.

Proceedings in a case out of California earlier this year support the conclusion that it would be futile to require him to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal filed*, *Bautista, et al. v. United States Dep't of Homeland Security, et al.*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a motion for a custody redetermination filed by an individual like Mr. Lopez Crisostomo, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the

5

prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Although Mr. Lopez Crisostomo asks for outright release, the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because Mr. Lopez Crisostomo is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving he is not entitled to release at any bond hearing that occurs. At this point, it is unclear how the government intends to proceed now that the court has determined Mr. Lopez Crisostomo cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing, he might prevail before an immigration judge

or be able to obtain relief from the Board of Immigration Appeals. 8 C.F.R.

§§ 236.1(d)(3), 1236.1(d)(3); *see also Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, at *2-

4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in

context of immigration bond determination). Without a prior denial of bond on the merits

that is alleged to be erroneous, the court leaves the parties to follow the usual process

under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the

Respondents to release Oscar Lopez Crisostomo on or before **July 31, 2026**, unless he is

provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and

corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the

Miami Correctional Facility at the Indiana Department of Correction to secure compliance

with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **August**

**4, 2026.**

SO ORDERED on July 24, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

7